UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| LEVERT BROWN | : | |
| --- | --- | --- |
| | : | |
| v. | : | C.A. No. 19-00155-WES |
| | : | |
| HENRY KINCH, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pro se Plaintiff Levert Brown, a prisoner at the Adult Correctional Institutions ("ACI"), has brought claims pursuant to 42 U.S.C. § 1983 against Henry Kinch in his individual and official capacity as the "head clerk" of the Providence County Superior Court.[1] Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF Doc. No. 2) without being required to prepay costs or fees, including the $400.00 civil case filing fee pursuant to 28 U.S.C. § 1915. Based on my review of the IFP Application and the prisoner trust fund account statement, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1); accordingly, if the Complaint survives screening, I will grant the IFP motion and calculate the initial filing fee that must be paid before the case may proceed. However, because of the IFP Application, this case is subject to preliminary screening. Pursuant to 28 U.S.C. § 1915(e)(2), this Court is required by statute to review the Plaintiff's Complaint sua sponte and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below,

---

[1] Plaintiff also names unidentified clerk's office staff as John and Jane Doe Defendants.

I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE because it fails to state claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Background**

Plaintiff is an inmate at the ACI in Cranston, Rhode Island. His pro se Complaint filed on March 29, 2019 is exceedingly thin – he pleads simply that Defendants violated 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, as well as various sections of the Rhode Island Constitution. Plaintiff alleges he mailed two civil Complaints and one Writ of Mandamus to the Providence County Superior Court between July and October 2018 and contends that he has received "no assigned Judge, no court date or response" and that the cases have been "held for months without any progress…nor responses to if the action was filed or assigned to a judge or given a case number." (ECF Doc. No. 1 at p. 2). Plaintiff asserts that he "cannot get the initial complaint filed" and is being denied access to the courts.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I).

A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. In order to prevail in a Section 1983 action, a Plaintiff is required to show that the complained-of conduct (1) was committed by a person acting under color of state law; and (2) deprived the plaintiff of a constitutional right or a federal statutory right. Watrous v. Salisbury, C.A. No. 09-599-S, 2010 WL 2035364 *3 (D.R.I. Ap. 27, 2010) citing Gomez v. Toledo, 446 U.S. 640 (1980). The named Defendant in this case is a state employee, acting under color of state law pursuant to § 1983. However, Plaintiff's claim that the Superior Court Clerk unlawfully failed or refused to docket three filings falls short of the Fed. R. Civ. P. 12(b)(6) standard and does not state any federal claims upon which relief may be granted. Although the factual allegations are sparse, the federal courts have repeatedly held that a § 1983 "access to courts" claim is not actionable unless the deprivation stemmed from intentional conduct, and not inadvertence or negligence. See Fiore v. Dupre, C.A. No. 11-210-S, 2011 WL 2748191, *6 (D.R.I. June 16, 2011). In the present case, Plaintiff has not plead any facts suggesting that

the alleged actions of the Clerk, if true, were intentional. Accordingly, Plaintiff's Complaint fails to state a viable § 1983 claim for violation of Plaintiff's constitutional rights.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF Doc. No. 1) be DISMISSED WITHOUT PREJUDICE and that his Application to Proceed IFP (ECF Doc. No. 2) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 12, 2019