UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LEVERT BROWN | : |
| | : |
| v. | : C.A. No. 19-00155-WES |
| | : |
| HENRY KINCH, et. al. | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Levert Brown's Motion for Permission to Appeal In Forma Pauperis ("IFP"). (ECF No. 9). The Inmate Account Statement submitted with his Application indicates that he had a balance of $541.91 in his Trust account, $473.25 of which was encumbered, as of December 16, 2019. (ECF No. 9-2 at pp. 1-2).

Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal IFP. Fed. R. App. P. 24(a) requires a litigant seeking IFP status on appeal to provide the District Court with an affidavit that (1) demonstrates the party's inability to pay in the detail prescribed by Form 4 of the Appendix of Forms; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal.

Plaintiff has demonstrated his inability to pay and has filed a "Notice of Appeal" which satisfies the second and third requirements of Fed. R. App. P. 24(a). Nevertheless, I recommend that his Motion to Appeal IFP be DENIED because his appeal is without merit. Plaintiff's right to appeal IFP is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the

issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, C.A. No. 04-380T, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff's proposed appeal to the First Circuit Court of Appeals presents no cognizable legal theories or meritorious factual allegations. As set forth in the Court's Order, the Plaintiff was granted leave to file an Amended Complaint, and Judge Smith noted that it "is almost identical to the Plaintiff's original Complaint…" that this Court recommended be dismissed for failure to state a cognizable claim. (ECF No. 6 at p. 2). Judge Smith dismissed the Amended Complaint because the Amended Complaint "does not allege any additional facts regarding intentional actions taken by the [Defendant] or other state actors." Id. Because there is absolutely no merit to Plaintiff's claims, his appeal is likewise frivolous. Accordingly, I recommend that the District Court find that the Appeal is not taken in good faith and DENY Plaintiff's Motion to Appeal IFP.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

   /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 11, 2020